ACCEPTED
12-14-00195-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/16/2015 2:29:30 PM
CATHY LUSK
CLERK

# ORAL ARGUMENT NOT REQUESTED

## NO. 12-14-00195-CR

### IN THE COURT OF APPEALS
### 12TH JUDICIAL DISTRICT
### TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/16/2015 2:29:30 PM
CATHY S. LUSK
Clerk

---

## DWAYNE SPANGLER,
## APPELLANT

## VS.

## THE STATE OF TEXAS,
## APPELLEE

---

## ON APPEAL IN CAUSE NUMBER 007-1553-13
## FROM THE 7th JUDICIAL DISTRICT COURT
## OF SMITH COUNTY, TEXAS
## HONORABLE JERRY CALHOUN, JUDGE PRESIDING

## APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
Dwayne Spangler

APPELLANT'S TRIAL COUNSEL
Robert C. Perkins
112 E. Line , Suite 306
Tyler, Texas 75702
903-593-7780

APPELLANT'S APPELLATE COUNSEL
James Huggler
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 (fax)

APPELLEE
The State of Texas

APPELLEE'S TRIAL COUNSEL
Bryan Jiral
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL ...................... ii

TABLE OF CONTENTS ................................. iii

TABLE OF AUTHORITIES ............................... iv

STATEMENT OF THE CASE ............................. 1

ISSUE PRESENTED ................................... 3

    ISSUE ONE: THE JUDGMENT CONTAINS AN INCORRECT
    CALCULATION OF COURT COSTS.

STATEMENT OF FACTS ................................ 3

SUMMARY OF ARGUMENT .............................. 4

ARGUMENT ......................................... 4

ISSUE ONE, RESTATED ............................... 4

    A. Law on Court Costs ............................. 4
    B. Standard of Review ............................. 6
    C. Application to These Facts ....................... 7
    D. Remedy and Relief Requested .................... 9

PRAYER ........................................... 10

CERTIFICATE OF SERVICE ............................ 11

CERTIFICATE OF COMPLIANCE ........................ 11

# TABLE OF AUTHORITIES

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West 2014) . . . . . . . . . 9

TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(5) (West 2014) . . . . . . . . 9

TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West 2014) . . . . . . . . 8

TEX. CODE CRIM. PROC. ANN. art. 102.020 (West 2014) . . . . . . . . . . . 8

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013) . . . . . . . . . . . 5

TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2013) . . . . . . . . . . . . 4, 5

TEX. GOV'T CODE ANN. § 102.021 (West 2013) . . . . . . . . . . . . . . . . 5, 8

TEX. GOV'T CODE ANN. § 103.006 (West 2013) . . . . . . . . . . . . . . . . 6

TEX. HEALTH & SAFETY CODE ANN. §481.115 (a) and (b)(West 2012) 2, 3

Tex. Local Gov't Code §133.103 (West 2014) . . . . . . . . . . . . . . . . . 8


## CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011) . . . . . . 4, 5

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005) . . . . . . . 7

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
    61 L. Ed. 2d 560 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) . . . . . . 6

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler
    2013, no pet) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) . . . . . . . . 6

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) . . . 7

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo
    2011, no pet) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) . . . . . . . . 5

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo

2011, pet. denied) ................................. 5, 7

## RULES

TEX. R. APP. PROC. 9.4 ................................. 11

TEX. R. APP. PROC. 38 ................................. 1

## OTHER SOURCES

Texas Office of Court Administration District Clerk's Felony Court Costs Chart,

http://www.txcourts.gov/media/681164/dc-felctcst090113.pdf ...... Attached

NO. 12-14-00195-CR

| | | |
|---|---|---|
| DWAYNE SPANGLER | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

## TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Dwayne Spangler, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, *et seq.*, respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 007-1553-13 and charged with the state jail felony offense of possession of a controlled substance.

1

I CR 1[1]; *see* TEX. HEALTH & SAFETY CODE ANN. §481.115(a) and (b) (West 2012). Mr. Spangler entered a plea of guilty pursuant to an agreement and received two years deferred adjudication probation. I CR 46-47; II RR 10, III XX 10-11[2]. The State filed an application to proceed to final adjudication, Mr. Spangler entered true pleas to the allegations. I CR 68; IV RR 11. Following evidence and argument of counsel, the court found Mr. Spangler guilty of the offense, and sentenced him to fourteen months confinement, no fine and court costs. I CR 76-77; IV RR 20. Notice of appeal was timely filed in on July 11, 2014. I CR 82. This Brief is timely filed on or before January 15, 2015 following proper extension granted by this Court.

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

## ISSUE PRESENTED

## ISSUE ONE: THE JUDGMENT CONTAINS AN INCORRECT CALCULATION OF COURT COSTS.

## STATEMENT OF THE FACTS

Appellant was indicted in Cause Number 007-1553-13 and charged with the state jail felony offense of possession of a controlled substance, specifically on March 27, 2013 he possessed methamphetamine in an amount of less than one gram. I CR 3; *see* TEX. HEALTH & SAFETY CODE ANN. §481.115(a) and (b) (West 2012). On January 16, 2014, Mr. Spangler entered a plea of guilty pursuant to an agreement and on February 7, 2014 he received two years deferred adjudication supervision. I RR 13; II RR 5, 9-10.

On June 30, 2014, Mr. Spangler was back in court on the State's Motion to Proceed to Final Adjudication. IV RR 4. The State alleged that Mr. Spangler was placed on probation (¶ 1); that he used methamphetamine on April 14, 2014 (¶ 2); that he failed to complete the drug offender education program (¶ 3); and that he failed to complete a

3

substance abuse/counseling program (¶ 4). I CR 56-58. He entered a true plea to each paragraph. I CR 68; IV RR 11. Following evidence and argument of counsel, the court imposed a fourteen month sentence, no fine and court costs. IV RR 20-21. Further discussion of relevant facts is included below.

## SUMMARY OF ARGUMENT

The error for this Court to consider involves the improper assessment of court costs.

## ARGUMENT

**ISSUE ONE, RESTATED: THE JUDGMENT CONTAINS AN INCORRECT CALCULATION OF COURT COSTS.**

### A. Law on Court Costs

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2013) (setting forth various court costs that a

4

convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2013). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the record, a defendant has no obligation to pay court costs. Owen, 352 S.W.3d at 547 (citing Armstrong, 340 S.W.3d at 765; Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied).

5

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2013).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. Johnson, 423 S.W.3d at 390.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See* Jackson v. Virginia, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; *see also* Mayer v. State, 309 S.W.3d 552,

6

557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. Williams, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. Johnson v. State, 405 S.W.3d at 355.


## C. Application to These Facts

The judgment placing Mr. Spangler on community supervision ordered payment of $383.00 in court costs. I CR 46. This was ordered as a condition of supervision. I CR 43, line 21. The judgment revoking supervision imposed $343.00 in court costs. I CR 76. The court costs were ordered to be withdrawn from Mr. Spangler's inmate trust fund account at the Texas Department of Criminal Justice. I CR 78. The bill of costs

7

prepared by the District Clerk totaled $408.00 in costs, with an amount owed of $368.00. I CR 80. The difference in judgments is $40, the same as the amount indicated paid by the bill of costs. The difference between the bill of costs and the first judgment was $25.00

In a comparison between the bill of costs and the Texas Office of Court Administration Felony Court Cost Chart[3], there is no single $25 fee not supported by the record. However, the $50 warrant fee assessed is not supported by the record. For ease of reference, this is a drug offense and the allowable court costs are located in column F of the chart.

Each of the costs always assessed in felony cases are found in the bill of costs. A time payment fee was properly assessed. I CR 80; OCA Chart line 29; TEX. LOCAL GOV'T CODE §133.103 (West 2014). Because Mr. Spangler was placed on community supervision, a DNA testing costs was appropriate. I CR 80; OCA Chart line 28; TEX. CODE CRIM. PROC. 102.020 (West 2014). Mr. Spangler was committed and placed in jail initially. I CR 80; OCA Chart line 22; TEX. CODE CRIM. PROC. art. 102.011(a)(6) (West 2014). The final fee supported by the record was taking and approving the

---

[3] The Felony Court Costs Chart is attached as a scanned document attached to this Brief. It is also accessible online at http://www.txcourts.gov/media/681164/dc-felctcst090113.pdf accessed on January 15, 2015.

8

bond. I CR 80; OCA Chart line 18, TEX. CODE CRIM. PROC. art. 102.011(a)(5) (2014).

The mandatory and discretionary fees supported by the record total $358.00. This is exactly $50 less than the bill of costs prepared. The only item on the bill of costs not supported by the record is the warrant fee of $50.00. I CR 80. According to Smith County records, when Mr. Spengler was arrested on March 28, 2013, this was an on-sight arrest, and there is nothing on the record to contradict this fact. The only support for an arrest warrant occurs when the trial court withdrew the bond violation warrant that had been issued and was not served. III RR 13, lines 14-18. The $50 fee may only be assessed if it had been executed. OCA Chart line 16; TEX. CODE CRIM. PROC. art. 102.011(a)(2) (2014).

## D. Remedy and Relief Requested

The fee charging a warrant arrest was improperly assessed by the court. The original judgment should be modified to reflect the true amount of court costs as assessed in the bill of costs without that fee and the judgment and order withdrawing funds should be corrected to reflect

an amount of $318.00.

## PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED,* Counsel respectfully prays that this Court modify the judgment of the trial court and order withdrawing funds.

Respectfully submitted,

/s/ James Huggler

James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

10

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 15th day of January, 2015.


/s/ James Huggler
James W. Huggler, Jr.


Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702


## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,271 words as counted by Corel WordPerfect version x5.


/s/ James Huggler
James Huggler

# District Clerk's Felony Court Cost Chart – 09/01/2013

| | FELONY CATEGORY | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Cost Always Assessed** | | | | | | | | | | |
| 1 | DNA Testing Court Cost – CCP, art. 102.020 | 250 | 250 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 2 | Consolidated Court Cost – LGC, § 133.102 | 133 | 133 | 133 | 133 | 133 | 133 | 133 | 133 | 133 | 133 |
| 3 | EMS Trauma Fund Cost – CCP, art. 102.0185 | 0 | 0 | 100 | 100 | 0 | 0 | 0 | 0 | 0 | 0 |
| 4 | Child Abuse Prevention Fund Cost – CCP, art. 102.0186 | 100 | 0 | 0 | 0 | 100 | 0 | 0 | 0 | 0 | 0 |
| 5 | Drug Court Cost – CCP, art. 102.0178 | 0 | 0 | 60 | 60 | 0 | 60 | 0 | 0 | 0 | 0 |
| 6 | Juvenile Delinquency Prevention Fee – CCP, art. 102.0171(a) | 0 | 0 | 0 | 0 | 0 | 0 | 50 | 0 | 0 | 0 |
| 7 | Clerk's Fee – CCP, art. 102.005(a) | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 |
| 8 | State Traffic Fine – Transportation Code, § 542.4031 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 30 | 30 | 0 |
| 9 | Records Management Fee – CCP, art. 102.005(f) | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 |
| 10 | Judicial Support Fee – LGC, § 133.105(a) | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 |
| 11 | Statewide E-Filing Court Cost – Gov't Code, § 51.851(d) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 12 | Court Security Fee – CCP, art. 102.017(a) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 13 | Juror Reimbursement Fee – CCP, art. 102.0045 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| 14 | County and Dist. Ct. Technology Fund – CCP, art. 102.0169 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| 15 | Indigent Defense Fee – LGC, § 133.107 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| | | | | | | | | | | | |
| | **TOTAL OF COSTS THAT ARE ALWAYS ASSESSED** | 574 | 474 | 384 | 384 | 324 | 284 | 274 | 254 | 254 | 224 |
| | | | | | | | | | | | |
| | **Cost Assessed if Service Performed by Peace Officer** | | | | | | | | | | |
| 16 | Exec./Proc. Arr. Warr., Capias, CPF – CCP, art. 102.011(a)(2) | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
| 17 | Serve Writ – CCP, art. 102.011(a)(4) | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 |
| 18 | Take and Approve Bond – CCP, art. 102.011(a)(5) | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| 19 | Convey Witness (charge per day) – CCP, art. 102.011(c) | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| 20 | Arrest w/out Warrant or Issue NTA – CCP, art. 102.011(a)(1) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 21 | Summon Witness – CCP, art. 102.011(a)(3) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 22 | Commitment to Jail – CCP, art. 102.011(a)(6) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 23 | Release from Jail – CCP, art. 102.011(a)(6) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 24 | Summon Jury – CCP, art. 102.011(a)(7) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 25 | Mileage Fees for No. 15-23 (29¢/mile) – CCP, art. 102.011(b) | x | x | x | x | x | x | x | x | x | x |
| 26 | Meals/Lodging Expense for No. 15-23 – CCP, art. 102.011(b) | x | x | x | x | x | x | x | x | x | x |
| 27 | Overtime Costs for Testifying at Trial – CCP, art. 102.011(i) | x | x | x | x | x | x | x | x | x | x |
| | **Cost Ass. If Def. Is placed on Comm. Sup. & required to submit DNA sample under CCP, Art. 42.12, Sec. 11(j)** | | | | | | | | | | |
| 28 | DNA Testing Court Cost – CCP, art. 102.020 | 0 | 0 | 34 | 34 | 34 | 34 | 34 | 34 | 34 | 34 |
| | **Cost Ass. if Payment made after 30th day after Judgment** | | | | | | | | | | |
| 29 | Time Payment Fee – Local Gov't Code, § 133.103 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 |
| | **Cost Assessed if Conviction is by Jury** | | | | | | | | | | |
| 30 | Jury Fee – CCP, Art. 102.004 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |
| | **Cost Assessed if Defendant is Visually Recorded** | | | | | | | | | | |
| 31 | Visual Recording Cost – CCP, Art. 102.018(a) | 0 | 0 | 15 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | **Discretionary Costs** | | | | | | | | | | |
| 32 | Restitution Installment Fee – CCP, art. 42.037(g) | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 |
| 33 | Transaction Fee – CCP, art. 102.072 | ≤2 | ≤2 | ≤2 | ≤2 | ≤2 | ≤2 | ≤2 | ≤2 | ≤2 | ≤2 |

Note 1: This chart applies only to felony convictions in the district courts.
Note 2: Court costs directed primarily to the State are in bold.
Note 3: x = indefinite amount.
Note 4: Line 8 fee is not actually a court cost, but rather a mandatory fine.
Note 5: Line 11 court cost may be waived if defendant is indigent.

**Detailed Description of Offenses in each Felony Category**

Office of Court Administration
Ted Wood – (512) 936-1183
ted.wood@courts.state.tx.us

**A**
1) Continuous Sexual Abuse of Young Child or Children – Penal Code, § 21.02
2) Indecency with a Child – Penal Code, § 21.11
3) Sexual Assault of a Child – Penal Code, § 22.011(a)(2)
4) Aggravated Sexual Assault of a Child – Penal Code, § 22.021(a)(1)(B)
5) Sexual Performance by a Child – Penal Code, § 43.25
6) Possession or Promotion of Child Pornography – Penal Code, § 43.26

**B**
1) Aggravated Kidnapping with intent to commit bodily injury or to violate or abuse sexually – Penal Code, § 20.04(a)(4)
2) Continuous Trafficking of Persons – Penal Code, § 20A.03
3) Sexual Assault or Aggravated Sexual Assault other than sexual assault of a child – Penal Code, §§ 22.011, 22.021
4) Prohibited Sexual Contact – Penal Code, § 25.02
5) Burglary of Habitation with intent/attempt to commit or commission of a felony other than felony theft – Penal Code, § 30.02(d)
6) Compelling Prostitution – Penal Code, § 43.05

**C** Driving While Intoxicated (DWI) – Penal Code, § 49.04

**D** Felony Intoxication Offense– Penal Code, §§ 49.045 - 49.09

**E** Employment Harmful to Children – Penal Code, § 43.251

**F** Felony Drug Offense – Health & Safety Code , Ch. 481

**G** Felony Graffiti Offense – Penal Code, § 28.08

**H** Passing a School Bus if enhanced to a felony – Transportation Code, § 545.066(c)(2)

**I** Failure of a Motor Vehicle Operator to stop or remain at the scene of an accident involving death or injury – Transportation Code, § 550.021

Counterfeit Airbag or Misrepresentation of Airbag Installation if enhanced – Transportation Code, § 550.021

**J** All Felonies not in one of the foregoing categories